McFarland, J.,
delivered the opinion of the Court.
This was an action of trover for the conversion of a slave, upon the ground that the defendant, without the plaintiff's permission, had employed the slave in unloading a coal barge in the Mississippi river; and while so engaged the slave fell overboard and was drowned. There was proof indicating that the slave belonged to the plaintiff and her children by her first husband, either as tenants in common or joint owners; or that the plaintiff was the owner of the slave during life, with the remainder to said children.
*690 The Court below instructed the jury, that if the plaintiff only owned a life estate in the slave, with remainder to ber children, or if she owned said slave jointly or in common with any other person, then, •or in either event, the plaintiff could not recover, as the other owners had not joined in the action.
This was error. In Rains v. McNairy, two persons were the joint owners of a chattel. A creditor of one of the owners caused the chattel to be levied on and sold for the debt, — the purchaser taking possession. It was held that the other owner could maintain trover against the purchaser and recover the value of his share of the chattel. 4 Hum., 356; also, Cunningham v. Woods, 4 Hum., 417. The same principle would apply in favor of a tenant for life, and it was so held at the recent Term of this Court ;at Nashville, in a case not yet reported. In support of this view, it is well-settled that mere possession is a sufficient title upon which to maintain trespass against a mere wrong doer. 2 Head, 398; 7 Yer., 381.
Reverse the judgment and remand the cause for a hew trial.